IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00510-BNB

MICHAEL A. JESSO,

      Applicant,

v.

STEVE HARTLEY, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 2 2009

GREGORY C. LANGHAM
               CLERK

---

## ORDER OF DISMISSAL

---

    Applicant Michael A. Jesso is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Jesso initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 6, 2009, Mr. Jesso filed on the proper form an amended application for a writ of habeas corpus pursuant to § 2254. Mr. Jesso is challenging the validity of his conviction and sentence in Arapahoe County District Court case number 03CR2678.

    On May 15, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 25, 2009, Respondents filed their Pre-Answer Response. On July 8, 2009, Mr. Jesso filed his reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Jesso liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed as time-barred.

Mr. Jesso agreed to plead guilty to first degree kidnapping and sexual assault. He also stipulated to the existence of extraordinary aggravating circumstances and the use of a deadly weapon for purposes of the sexual assault charge. The plea agreement specified a sentence of forty years in prison on the kidnapping count and an indeterminate term of twenty-five years to life in prison on the sexual assault count. The trial court ordered that the sentences run consecutively. Mr. Jesso did not file a direct appeal.

Following his sentencing on September 29, 2004, Mr. Jesso filed a number of postconviction motions in the trial court. On December 30, 2004, and again on January 11, 2005, he filed postconviction motions for sentence reconsideration that the trial court denied on January 12, 2005. Between June 13, 2005, and January 5, 2006, he filed motions for copies of the sentencing transcript and other documents. On July 17, 2006, Mr. Jesso filed a postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure that the trial court denied on September 7, 2006. The Colorado Court of Appeals subsequently affirmed the denial of Mr. Jesso's postconviction Rule 35 motion. *See People v. Jesso*, No. 06CA1980 (Colo. Ct. App. Jan. 31, 2008). On March 28, 2008, the Colorado Court of Appeals issued its mandate

2

and on November 18, 2008, the Colorado Supreme Court denied Mr. Jesso's motion to

file a petition for writ of certiorari out of time. Finally, on December 29, 2008, Mr. Jesso

filed another postconviction Rule 35 motion that the trial court denied on January 8,

2009.

The Court received the instant action for filing on February 26, 2009. Mr. Jesso

asserts three claims for relief in the amended application filed on April 6. He first claims

that his guilty plea violates *Blakely v. Washington*, 542 U.S. 296 (2004), and that his

guilty plea was not knowing and voluntary because he was not advised of his rights

under *Blakely* or of the correct parole term. Mr. Jesso alleges in his second claim that

his guilty plea is unlawful because he did not waive the factual basis for the plea and

the indeterminate sentence is illegal. Mr. Jesso finally claims that counsel was

ineffective by failing to assert his rights under *Blakely*, allowing Mr. Jesso to stipulate to

an illegal parole term, failing to obtain a waiver of the factual basis for the plea, and

allowing Mr. Jesso to bargain for an indeterminate sentence.

Respondents first argue in their Pre-Answer Response that this action is barred

by the one-year limitation period in 28 U.S.C. § 2244(d). In his reply to the Pre-Answer

Response, Mr. Jesso concedes that this action is time-barred and that he has no right

to relief in this action. For the reasons discussed below, the Court agrees with the

parties that this action is barred by the one-year limitation period, which provides as

follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court. The limitation period shall
> run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the judgment of conviction in Mr. Jesso's criminal case became final.  Because Mr. Jesso did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Jesso had forty-five days to file a notice of appeal after he was sentenced on September 29, 2004. Therefore, his conviction became final on November 15, 2004.[1]

---

[1]The forty-fifth day after September 29, 2004, was Saturday, November 13, 2004.  Therefore, the filing deadline extended until Monday, November 15, 2004.  *See* C.A.R. 26(a).

The Court also finds that the one-year limitation period began to run on November 15, 2004, because Mr. Jesso does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for all of his claims before his conviction became final.

The one-year limitation period then ran for forty-four days until Mr. Jesso filed his first postconviction motion for sentence reconsideration on December 30, 2004. Pursuant to § 2244(d)(2), the one-year limitation period was tolled from December 30, 2004, until February 28, 2005, when the time expired for Mr. Jesso to appeal from the trial court's January 12, 2005, order denying both the December 30 motion and Mr. Jesso's second motion for sentence reconsideration filed on January 11, 2005.[2] **See Gibson v. Klinger**, 232 F.3d 799, 804 (10th Cir. 2000) (holding that, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner **could have** sought an appeal under state law"). Therefore, when the one-year limitation period began to run again on March 1, 2005, only 321 days of the limitation period remained.

Mr. Jesso's postconviction motions for copies of the sentencing transcript and other documents filed between June 13, 2005, and January 5, 2006, did not toll the one-year limitation period pursuant to § 2244(d)(2). **See May v. Workman**, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that motions for transcripts and petitions for writs of

---

[2] The forty-fifth day after January 12, 2005, was Saturday, February 26, 2005. Therefore, the filing deadline extended until Monday, February 28, 2005. **See** C.A.R. 26(a).

mandamus did not toll the one-year limitation period pursuant to § 2244(d)(2)).  As

a result, the one-year limitation period expired on January 17, 2006.[3]  Because the one-

year limitation period expired in January 2006, Mr. Jesso's state court postconviction

motions filed in July 2006 and December 2008, also did not toll the one-year limitation

period pursuant to § 2244(d)(2).  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir.

2006) (stating that state court postconviction motions toll the one-year limitation period

only if they are filed within the one-year limitation period).

For these reasons, the Court agrees with the parties that this action is barred by

the one-year limitation period.  Because the Court will dismiss this action as time-

barred, the Court need not consider Respondents' alternative arguments regarding

exhaustion.  Accordingly, it is

ORDERED that the habeas corpus application and the amended application are

denied and the action is dismissed as barred by the one-year limitation period in 28

U.S.C. § 2244(d).

DATED at Denver, Colorado, this 2 2 day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[3]The final day of the one-year limitation period actually fell on Sunday, January 15, 2006, and January 16, 2006, was a legal holiday.  Therefore, the filing deadline extended until Tuesday, January 17, 2006.  *See* Fed. R. Civ. P. 6(a)(3).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-00510-BNB

Michael A. Jesso
Prisoner No.  123498
Fremont Correctional Facility
P.O. Box 999
Unit 3
Cañon City, CO 81215-0999

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 7/22/09

                                          GREGORY C. LANGHAM, CLERK


                                      By:_____
                                                    Deputy Clerk